# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Steven Nelson Painting, LLC,  
a Minnesota corporation; and  
Steve Nelson, individually,

        Plaintiffs,

v.

Tomas Claud Smith; U.S. Bank N.A.,  
a National Banking Association; and  
The Home Depot, Inc., a Delaware  
corporation,

        Defendants.

Civil No. 13-64 (DWF/LIB)

**MEMORANDUM OPINION AND ORDER**

_____

Edward A Zimmerman, Esq., The Business Lawyers, counsel for Plaintiffs.

Charles F. Webber, Esq., Erin L. Hoffman, Esq., and Elizabeth Ann Walker, Esq., Faegre Baker Daniels LLP, counsel for Defendant U.S. Bank, N.A.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss and Motion to Strike brought by Defendant U.S. Bank N.A. ("U.S. Bank") (Doc. No. 9). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff Steve Nelson ("Nelson"), doing business as Plaintiff Steve Nelson Painting LLC, opened a checking account and entered into a written agreement with U.S.

Bank. (Doc. No. 1, Ex. 1, Am. Compl. ¶¶ VI, LXXVI.)[1] In 2007, Nelson agreed to perform repair and remodeling work for homeowner Tomas Claud Smith ("Smith"), and Smith agreed to pay Nelson every two weeks for his time and materials. (*Id.* ¶¶ VII, X.) On October 24, 2007, Nelson and Smith visited the Home Depot to rent scaffolding. (*Id.* ¶ XII.) Nelson used a check from his U.S. Bank account to cover the deposit. (*Id.*) Nelson wrote the words "for deposit" in the memo line, drew a line through the "$" line, and drew another line in front of the word "Dollars" on the check. (*Id.* ¶ XIII.)

Nelson continued to work on Smith's house, but Smith did not pay Nelson and later told Nelson that he could not afford to continue the remodeling project. (*Id.* ¶¶ XIX, XXIII.) Nelson alleges that Smith's failure to pay caused overdraft charges to be assessed to his U.S. Bank account. (*Id.* ¶ XXIV.)

Nelson did not return the scaffolding secured by his blank check; instead, on January 8, 2008, Smith returned the scaffolding without Nelson's knowledge. (*Id.* ¶ XXVII.) The deposit check was given to Smith, who allegedly altered the check and used it to make purchases totaling $337.18 at the Home Depot. (*Id.* ¶ XXX.) The payment increased the negative balance in Nelson's U.S. Bank account, which resulted in the imposition of overdraft fees. (*Id.* ¶ XXXV.)

Nelson alleges that he learned that the deposit check was cashed and of the negative balance in his U.S. Bank account on or about January 23, 2008. (*Id.* ¶ XXXVI.) Nelson alleges that he did not recover from the overdraft status, despite additional

---

[1] The Court refers to both Nelson and Plaintiffs together as "Nelson."

deposits. (*Id*. ¶ XLIII.) On March 19, 2008, U.S. Bank closed the checking account and referred Nelson's negative balance to collections. (*Id*. ¶ XLVI.)

Nelson commenced this lawsuit on or around November 12, 2011. (Doc. No. 1.)[2] In the Amended Complaint, Nelson asserts claims against Smith, the Home Depot, and U.S. Bank. The present motion only concerns the claims against U.S. Bank: breach of contract (Count Eleven), breach of fiduciary duty (Count Twelve), usury (Count Thirteen), injunctive relief (Count Fourteen), attorney fees (Count Fifteen), and punitive damages (Count Sixteen). Nelson has since withdrawn Counts Twelve, Fifteen, and Sixteen, and asks the Court to strike those counts from the Amended Complaint. (Doc. No. 18 at 1.) The Court hereby strikes those counts, and therefore, the only claims presently before the Court are the claims against U.S. Bank for breach of contract (Count Eleven), usury (Count Thirteen), and injunctive relief (Count Fourteen).[3]

## DISCUSSION

**I.   Motion to Dismiss Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th

---

[2]   Nelson originally brought this action in Dakota County District Court. (Doc. No. 1 ¶ 1.) Nelson sought leave to amend the Complaint, which was granted on December 19, 2013. (*Id*. ¶ 6.) U.S. Bank removed the action on January 7, 2013, based on a claim in the Amended Complaint for the violation of Federal usury laws. (*Id*. ¶ 10.)

[3]   U.S. Bank's alternative motion to strike relates to the punitive damages claim.
(Footnote Continued on Next Page)

Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

---

(Footnote Continued From Previous Page)
Because that claim has been withdrawn, the motion to strike is moot.

**II.     U.S. Bank's Motion**

All of Nelson's claims against U.S. Bank are premised on the alleged failure to act upon a contract or other obligation.  U.S. Bank argues that the three remaining claims against it are time-barred.  The Court addresses each claim in turn.

**A.     Breach of Contract**

In Count Eleven, Nelson alleges that U.S. Bank breached the agreement governing the checking account by imposing overdraft charges and other fees, failing to credit Nelson's account for the Home Depot check, and closing the account without adjusting it for "wrongful charges."  (Am. Compl. ¶¶ LXXVI-LXXXI.)  U.S. Bank asserts that this claim is barred by the statute of limitations under both the written agreement at issue (one-year limitation period) and Minn. Stat. §336.4-102(b) (three-year limitation period).

Article 4 of the Uniform Commercial Code governs liability for improper handling of an item presented in the context of bank deposits and collections.  *See* Minn. Stat. § 336.4-102(b).  In addition, Article 4 provides that "[a]n action to enforce an obligation, duty, or right arising under this article must be commenced within three years after the cause of action accrues."  Minn. Stat. § 336.4-111.

Nelson alleges that he was aware of his negative balance and that the Home Depot check had posted to his account on or around January 23, 2008.  (Am. Compl. ¶ XXXVI.)[4]  Nelson, however, did not commence this lawsuit until November 12, 2011,

---

[4]     Nelson argues that the limitation period should be tolled because U.S. Bank did not provide timely account statements.  However, Nelson expressly alleges that he
(Footnote Continued on Next Page)

more than three years later.  Thus, Nelson's claims related to U.S. Bank's processing of the check are untimely.  Accordingly, Nelson's claim for breach of contract (Count Eleven) is properly dismissed.[5]

**B.    Usury**

In Count Thirteen, Nelson alleges that the overdraft fees charged to his account were usurious interest charges under Minnesota and federal law.  (Am. Compl. ¶¶ LXXXIX-XCV.)  U.S. Bank argues that this claim should be dismissed because it is barred by the statute of limitations and because it fails to state a claim.

The National Bank Act ("NBA") provides the exclusive cause of action for usury claims against national banks.  *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1, 9-10 (2003).  Thus, to the extent that Nelson asserts a usury claim under Minnesota law, it is preempted by the NBA.  A usury claim under the NBA is based on the "taking, reserving, or charging of a rate of interest greater than is allowed by" law.  12 U.S.C. § 86.  In

---

(Footnote Continued From Previous Page)
learned of U.S. Bank's payment of the check in question "on or around January 23, 2008."  (Am. Compl. ¶ XXXVI.)

[5]    U.S. Bank also asserts that Plaintiffs' breach of contract claim is barred by a one-year limitation period provided for in the relevant account agreement.  U.S. Bank has submitted a copy of the written agreement, which provides that any legal action against U.S. Bank for any "error, alteration, counterfeit check, or unauthorized transaction" must begin "within one year after we send or make your statement available to you."  (Doc. No. 12, Seeman Aff. ¶ 5, U.S. Bank App. at 19.)  Plaintiffs dispute that U.S. Bank has provided the correct version of the account agreement.  The Court, however, need not reach this dispute, as the claim is barred by the statutory limitation period under Minnesota law.

addition, under the NBA, any action for usury must be "commenced within two years from the time the usurious transaction occurred." *Id*.

Nelson acknowledges that the limitations period is two years, but argues that the statutory period has not yet begun to run. (Doc. No. 24 at 2; Doc. No. 18 at 8.) Specifically, Nelson argues that "continuing overdraft fees" are usurious interest charges and that U.S. Bank's attempts to collect the overdraft after closing his account constitutes usury. (Doc. No. 18 at 10.) The Court disagrees. Nelson's usury claim is based on fees charged in connection with the overdraft of Nelson's account. These fees were charged against Nelson's account prior to the account being closed in March 2008. (Am. Compl. ¶¶ XXXVI-XLIII, XLVI.) Plaintiffs did not bring this lawsuit until November 2011, more than three years after U.S. Bank both charged the fees to, and later closed, Nelson's account. Accordingly, the two-year limitations period expired, and Nelson's usury claim is time-barred.

### C. Injunctive Relief

In Count Fourteen, Nelson alleges a cause of action for injunctive relief. The claim for injunctive relief is a request for a remedy, not a separate cause of action. *See Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008). Because Nelson's underlying substantive claims are time-barred, the injunctive relief claim cannot be sustained. Accordingly, Count Fourteen is dismissed.

## III. Claims Against the Home Depot and Smith

In the Amended Complaint, Nelson also asserts claims against the Home Depot and Smith. The claims against Smith include conversion, theft, forgery, alteration of a

check, identification theft, fraud, and breach of contract. Nelson has moved separately to sever the Amended Complaint as it is asserted against Smith and to dismiss as it is asserted against the Home Depot. (Doc. No. 19.) In his moving papers, Nelson represents that he has fully and finally settled the claims against the Home Depot. (Doc. No. 19 at 1.) With respect to the claims against Smith, Nelson urges the Court to decline supplemental jurisdiction. Nelson contends that remand to Dakota County District Court is appropriate because Smith has not answered the original Complaint, neither the Amended Complaint nor the outcome of U.S. Bank's present motion affects Nelson's claims against Smith, a motion for default was brought in state court prior to U.S. Bank's motion to dismiss, and there is no federal law or diversity jurisdiction with respect to the claims against Smith.[6]

The Court concludes that having dismissed the claims asserted against U.S. Bank, including the claim giving rise to jurisdiction in this Court, the state law claims asserted against Smith are appropriately remanded to Dakota County District Court.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. U.S. Bank's Motion to Dismiss (Doc. No. [9]) is **GRANTED**.

2. Nelson's Amended Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH PREJUDICE** as asserted against U.S. Bank.

---

[6] U.S. Bank does not object to remanding the claims against Smith.

3. Nelson and the Home Depot shall file a stipulation or notice of dismissal and submit a proposed order noting the resolution of Nelson's claims against the Home Depot, so that judgment can be entered.

4. Plaintiffs' Motion to Sever Complaint Against Tomas Claud Smith and Dismiss Complaint Against The Home Depot (Doc. No. [19]) is **GRANTED IN PART** as follows: Plaintiffs' claims against Smith are hereby remanded to Dakota County District Court.

Dated: May 24, 2013  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge