# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Steven Nelson Painting, LLC,                                    Civil No. 13-64 (DWF/LIB)
a Minnesota corporation; and
Steve Nelson, individually,

                    Plaintiffs-Appellants,

v.                                                                              **ORDER**

Tomas Claud Smith; U.S. Bank N.A.,
a National Banking Association; and
The Home Depot, Inc., a Delaware
corporation,

                    Defendants-Appellees.


This matter is presently before the Court on the application of Plaintiffs Steven
Nelson Painting, LLC, (a Minnesota corporation), and Steven Nelson, (individually), for
leave to proceed *in forma pauperis*, ("IFP"), on appeal. (Doc. No. 29.)

A litigant can be granted leave to proceed IFP on appeal upon submitting proof
that he or she is unable to pay the filing fee and other costs associated with the appeal. 28
U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). The litigant must also satisfy the Court that
the appeal is taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3).

In this case, Plaintiffs' IFP application shows that one of them, (presumably Steve
Nelson, individually), is "self-employed" and earning a gross income of $2,500 per
month. (IFP Application, p. 2, § 2.) The IFP application also indicates that Plaintiff
Steve Nelson has approximately $5,000 in various bank accounts, (*id.*, p. 2, § 4), and he
owns a home that reportedly is worth $230,000, (*id.*, p. 3, § 5). It is also noteworthy that

Plaintiff Steve Nelson has no dependents, (*id.*, p. 3, § 7), and he apparently has had the financial wherewithal to pay $33,000 to his attorney for services rendered in connection with this case, (*id.*, p. 5, § 10). It appears that he also has paid (or intends to pay) another $4,000 for other legal services, (*id.*, p. 5, § 11).

The Court recognizes that Plaintiff's business has been disappointing during recent months. (*Id.*, p. 5, § 12.) Nevertheless, based on the information furnished in the IFP application, the Court cannot conclude that Plaintiff Steve Nelson is indigent. Therefore, he cannot be granted IFP status on appeal.

The Court further notes that even if Steve Nelson had demonstrated that he is financially eligible for IFP status, Plaintiffs' IFP application still would have to be denied, because co-Plaintiff Steven Nelson Painting, LLC, is categorically ineligible for IFP status. The United States Supreme Court has explicitly ruled that only "natural persons" are eligible for IFP status under federal law. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). Plaintiffs' complaint in this case plainly identifies Steven Nelson Painting, LLC, as a Minnesota business corporation. Because Steven Nelson Painting, LLC, is a separate and distinct legal entity, and it is not a natural person, it cannot be granted IFP status. Moreover, because Steven Nelson Painting, LLC, cannot be granted leave to proceed IFP, it must pay the full $455 filing fee and other costs for Plaintiffs' appeal. And because Steven Nelson Painting, LLC, will have to pay the filing fee and costs of the appeal in any event, Plaintiff Steve Nelson's request for IFP status would effectively be moot, even if he were financially eligible for

IFP status.

Based upon all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiffs' application to proceed *in forma pauperis* on appeal, (Doc. No. [29]), is

**DENIED**.

Dated:  August 28, 2013          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge